**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

In re:

DIVERSIFIED MASONRY, LLC,

Debtor.

Bankruptcy Case No. 24-11578 TBM
Chapter 11

───────────────────────────────────────────

**ORDER GRANTING IN PART AND DENYING IN PART FIRST AND FINAL**
**APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES OF MICHAEL BEST & FRIEDRICH LLP AS COUNSEL FOR DEBTOR**

───────────────────────────────────────────

THIS MATTER is before the Court on the Debtor's "First and Final Application for Allowance of Compensation and Reimbursement of Expenses of Michael Best & Friedrich LLP, as Counsel for Diversified Masonry, LLC" (Docket No. 335, the "Application") filed concerning Michael Best & Friedrich LLP's (the "Applicant") fees and costs between October 1, 2025 and February 24, 2026. Proper notice of the Application has been provided, and no objections have been filed, or having been filed, have been resolved.

Accordingly, the Court ORDERS that the Application is GRANTED and Applicant is allowed final fees in the amount of $40,299.00 and costs in the amount of $2,449.00, for a total of $42,748.00 for the period from October 8, 2025 to February 24, 2026. All fees and expenses prior to October 8, 2025 are DISALLOWED[1];

IT IS FURTHER ORDERED that Applicant may draw on the funds it holds in trust under the Court's Interim Payment Procedures Order in the amount of $19,506.46 pay such fees and expenses; and

FURTHER ORDERED that Diversified Masonry, LLC is authorized to pay such fees and expenses, to the extent unpaid.

─────────────────────

[1] In *Lazzo v. Rose Hill Bank (In re Schupbach Investments, L.L.C.)*, the Tenth Circuit Court of Appeals held that "retroactive approval of an attorney's employment 'is only appropriate in the most extraordinary circumstances' and that '[s]imple neglect will not justify nunc pro tunc approval.'" 808 F.3d 1215, 1220 (10th Cir. 2015) (quoting *Land v. First Nat'l Bank of Alamosa (In re Land)*, 943 F.2d 1265, 1267-68 (10th Cir.1991)). The Applicant has sought *nunc pro tunc* approval of its employment to the petition date but has not identified any extraordinary circumstances in support of such request. Under *Schubpach*, the Court cannot approve Applicant's employment prior to October 8, 2025, the date when the Application was filed. In this case, the Applicant submitted its "Supplemental Ex Parte Application To Employ Michael Best & Friedrich LLP, Successor To Allen Vellone Wolf Helfrich & Factor P.C., As Counsel For The Debtor-in-possession" (Docket No. 266) on October 8, 2025.  Accordingly, the Court cannot allow retroactive approval of employment and attorney's fees for the period from October 1, 2025 to October 7, 2025. Thus, the Court has deducted $782.50 in attorney's fees billed by the Applicant from October 1, 2025 to October 7, 2025.

DATED this 5th day of June, 2026.

BY THE COURT:

Thomas B. McNamara
United States Bankruptcy Judge